IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:21-cr-9 |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| KEITH DESHON EURING SR. | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for January 25, 2023, at 1:00 p.m.

## TABLE OF CONTENTS

I.    **BACKGROUND** ...........................................................................1

II.   **SENTENCING CALCULATION** ........................................................2

III.  **OBJECTIONS**.............................................................. 3
      **A. Whether the facts are accurately reflected in paragraphs 5-42**......................................................................... 3
            **i.  Paragraph 12**............................................................. 3
            **ii. Paragraph 15**............................................................ 4
      **B. Whether USSG 2G1.3(b)(2)(B) applies**................................... 4

IV.   **GOVERNMENT'S RECOMMENDATION** .................................... 6

## I.    BACKGROUND

On January 12, 2021, a four-count Indictment was filed charging Keith Deshon Euring Sr. (Defendant) with Sex Trafficking of a Child, on or between October 2018 through November 2018 (Count One), in violation of 18 U.S.C. § 1591(a)(1), 1591(b)(2); Transportation of a Minor, on or about October 28, 2018 (Count Two), in

1

violation of 18 U.S.C. § 2423; Travel Act – Facilitate Prostitution, October 2018 through November 2018 (Count Three), in violation of 18 U.S.C. § 1952(a)(3)(A), 2; Distribution of Marijuana to a Person Under Twenty-One Years of Age, October 2018 through November 2018 (Count Four), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), 859. (Final Presentence Investigation Report, hereinafter "PSR." ECF 128, ¶ 1.) The government filed no objections to the draft PSR. (ECF 127.) Defendant filed objections. (ECF 129.) There is one factual issue and one guideline enhancement that the Court must resolve prior to determining an appropriate sentence.

On September 22, 2022, a jury found the defendant guilty to Counts One and Four. (PSR ¶ 2.) The jury was unable to come to a verdict on Count Three and the jury found Defendant not guilty of Count Two. At sentencing, the government will ask the Court to dismiss Count Three and proceed to sentencing as to Counts One and Four.

## II.   <u>SENTENCING CALCULATION</u>

In the presentence report paragraphs 48-89 and 141-142, the defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level USSG § 2G1.3(a)(2) | 30 |
| Unduly Influenced a Minor to Engage in Prohibited Sexual Conduct USSG §2G1.3(b)(2)(B) | +2 |
| Electronic Device Enhancement USSG §2G1.3(b)(3)(B) | +2 |
| Sex Act or Sexual Contact Enhancement USSG §2G1.3(b)(4)(A) | +2 |
| Total Offense Level | 36 |

Criminal History Category                                    III

Statutory Provisions:

Count One:                                    Ten years to life

Count Four:                                    One year to ten years

Guideline Sentencing Range:                    235 to 293 months

## III.   OBJECTIONS

### A. Whether the facts are accurately reflected in paragraphs 5-42

Defendant makes a blanket objection to paragraphs 5-42 which is all the relevant conduct and then makes a more specific objection to two paragraphs. The trial testimony should be relied on to overrule the objections by Defendant. The facts contained in the PSR are accurately reflective of the testimony at trial.

#### i.   Paragraph 12

Specifically as to paragraph 12(a), Defendant objects that he "coached" MV while drafting her Seeking Arrangements profile. The government entered into evidence a recording that supports this fact. The recording clearly shows Defendant telling MV what to type in the advertisement on Seeking Arrangements. When comparing that recording to the advertisement, it is the same wording. This demonstrates that Defendant participated and directed MV to place such advertisement.

As to paragraph 12(b), Defendant points out that the video referred in that paragraph was recorded at Navy Pier during which time MV was not in the proximity of Defendant. That fact is true, however, there were many other videos and pictures

of money, drugs, cars and Chicago that were taken by MV while in the presence of Defendant. Several pictures were submitted as exhibits at trial. These pictures and videos corroborate the fact that Defendant took MV to Chicago in a car he rented, provided her with drugs while in Chicago, and drove her to the met locations where commercial sex acts occurred.

### ii.  Paragraph 15

Defendant objects to the portions of this paragraph that reference Defendant supplying cocaine to MV that she then sold. This objection does not affect the guideline calculation. However, based on the trial testimony, the Court should find that this is proved by a preponderance of the evidence. MV testified during the trial, under oath, that the relationship began by Defendant supplying her cocaine and marijuana to resell to make money for herself. She estimated that she received cocaine two times a week. Therefore, the PSR should remain unchanged.

### B. Whether USSG § 2G1.3(b)(2)(B) applies

Defendant contests the application of USSG § 2G1.3(b)(2)(B), a two-level enhancement for "unduly influenc[ing] a minor to engage in prohibited sexual conduct." The application notes for this enhancement instruct the court to "closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." USSG § 2G1.3, cmt. n.3(B). In the commentary, it indicated that "in a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies." *Id.*

The fact that a "victim traveled freely with [the] defendant" does not rebut the presumption that the undue influence enhancement applies, *United States v. Hagen*, 641 F.3d 268, 271 (8th Cir. 2011), and the enhancement may be upheld based on a "manipulative adult's building a relationship with a minor for the purpose of eventual sexual activity," *Id.* (quoting *United States v. Lay*, 583 F.3d 436, 445 (6th Cir. 2009)); see also *United States v. Hornbuckle*, 784 F.3d 549, 556 (9th Cir. 2015) ("The undue-influence enhancement is not limited to force, fraud, or coercion. It also reaches manipulating and preying upon a vulnerable victim." (cleaned up) (quoting *United States v. Reid*, 751 F.3d 763, 768 (6th Cir. 2014))). In *United States v. Kempter*, 29 F.4th 960, 966 (8th Cir. 2022), the Eighth Circuit held that the enhancement is supported based on Kemper grooming his victim. Specifically, Kempter knew the minor wanted to run away from home, and he manipulated that weakness by corresponding with the minor for the purpose of eventual sexual activity. *Id.* This grooming behavior is similar to the case at hand.

Here, the facts show that MV had vulnerabilities that Defendant exploited. Defendant convinced MV that sex trafficking was glamourous and a way to make fast cash. He gave her drugs to sell and use and manipulated her. Based on the evidence presented at trial, as well as contained in the PSR, the government has proved this enhancement by a preponderance of the evidence and the PSR should remain unchanged.

5

## IV.   **GOVERNMENT'S RECOMMENDATION**

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 36/Criminal History category III – 235 to 293 months. A sentence at the top of the guideline range would be appropriate in this case.

The case is aggravating in many respects. First, Defendant has many convictions. In fact, Defendant has multiple convictions involving violent crimes against other persons. Defendant was convicted of Robbery in 1986 and in 1993. The latter involved threatening a convenience store clerk with a gun and demanding money. (PSR 61, 62.) Also in 1993, Defendant was convicted of Burglary where he broke into a female's residence and took items. (PSR 63.) In 1998, officers responded to a 911 call and saw Defendant restraining his girlfriend. (PSR 66.) In 1999,

6

Defendant was convicted of assaulting a friend by hitting this person and cutting their forearm requiring 42 stitches. (PSR 74.) In addition to these convictions, Defendant was convicted twice of felony drug offenses, in 1998 and in 2000. These cases involved cocaine and crack cocaine. (PSR 70, 76.) This later conviction was a federal conviction in which Defendant was initially sentenced to 150 months, but it was subsequently reduced to 100 months. (PSR 76.) While Defendant was on supervised release for that case, he violated the terms of supervision by committing new offenses, failed to be truthful to the probation officers, associates with felons, and possessed controlled substances.

Another aggravating factor of the case is the facts of the case. Defendant sought out MV and preyed on her vulnerabilities. Defendant knew she was estranged from her family and needed money. Defendant enticed MV by glorifying sex trafficking telling her she'd make thousands of dollars in one weekend. Defendant paid for her nails, eyelashes, and  clothing. Defendant introduced her to the Seeking Arrangements website which he knew would facilitate commercial sex act transactions. Defendant then took MV to Chicago on two weekends for the sole purpose of trafficking her. While there, Defendant provided MV with drugs, helped her respond to the customers who began seeking out her services, and drove her to the meet locations where the commercial sex acts took place. After MV completed the commercial sex act, Defendant took some or all of her earnings.

Although the relationship between MV and Defendant only lasted from approximately August through November 2018, the damage done by the Defendant

to MV is long-lasting. MV was brave enough to report her abuse and was able to get out of the grasps of Defendant, but only after having been severely traumatized. The recovery after such trauma is difficult to navigate.

Under the Trafficking Victims Protection Act of 2000, restitution is mandatory under 18 U.S.C. § 1593. This requires courts to order Defendants to pay restitution to victims not only the actual losses that they have caused the victim to suffer but also the greater of either Defendant's ill-gotten gains or the value of the victims' labor. Further under 18 U.S.C. § 3771, Crime Victims Rights Act, the Courts are required to order crime victims "full and timely restitution as provided by law." The evidence presented at trial, demonstrates that MV met with four males the first weekend and one male the second weekend. It appears that MV received about $1,000 in total out of the approximate $2300 received for the commercial sex acts. Therefore, the Court should order restitution in the amount of $1300.

Based on the aggravating factors of this case, Defendant should be sentenced to the top end of the advisory guideline range. This is a sentence that is sufficient but not greater than necessary to meet all the sentencing goals and to guarantee that the community is safe from this Defendant.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this Defendant.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Melisa Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, January 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:   X   ECF/Electronic filing

UNITED STATES ATTORNEY

By: */s/ Melisa Zaehringer*
    Assistant U.S. Attorney