UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
AT DAVENPORT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH DESHON EURING, SR.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:21-cr-9

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant Keith Deshon Euring Sr., by and through his attorneys Eric D. Tindal of Keegan, Tindal, & Jaeger, and for his Sentencing Memorandum and Request for Variance addressing the factors to be considered in imposing Defendant's sentence under 18 U.S.C. § 3553(a), states as follows:

### A.  WITNESSES AND EXHIBITS

1.      Defendant does not anticipate calling any witnesses.

2.      Defendant does not anticipate exhibits other than letters of support.

### B.  OBJECTIONS TO THE PSR AND GUIDELINES ISSUES

*All offense conduct/all Guidelines/maintenance of innocence*

3.      Defendant maintains his objections to all offense conduct outlined in the PSR, all correlating USSG calculations, and maintains his innocence.

4.      More specifically as to Paragraph 12(a) and (b), Defendant maintains his specific objection the records and evidence produced at trial do not evidence Defendant "coaching MV on what to say in her Seeking Arrangements ad…."  Further, to the extent Paragraph 12(b) suggests the activities identified at trial as occurring while MV was with Dr. Muhammed Ali at Dr. Muhammed Ali's residence in Chicago were done at the direction of or in the presence of

Defendant, Defendant maintains his specific objection as records and evidence produced at trial do not evidence the same.

5.      More specifically as to Paragraph 15, Defendant maintains his objection to the referenced sales of cocaine to MV and the quantity of marijuana calculated within Paragraph 15 as unsupported by the record to a preponderance of evidence.

*+2 USSG § 2G1.3(b)(2)(B) Unduly influenced a minor to engage in prohibited sexual conduct*

6.      Defendant persists in his objection to application of a +2 enhancement pursuant to USSG § 2G1.3(b)(2)(B).   Guideline § 2G1.3(b)(2)(B) provides a two-level enhancement for "unduly influenc[ing] a minor to engage in prohibited sexual conduct."   Application Note 3 provides:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence of the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.
> …
> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

USSG § 2G1.3 App. n.3.  This case lacks the features triggering application of the enhancement and falls outside the heartland of the Guideline enhancement.  The evidence presented at trial made clear MV exercised her own decision-making authority; made choices as to the actions and dates she wanted to undertake; made decisions on her own to initiate a series of events; and freely moved around Chicago, including going to Dr. Muhammed Ali's residence, staying, and using drugs with Dr. Muhammed Ali; and otherwise made arrangements on her own terms and at her own behest. Defendant was not in a position of authority or other relationship over MV.  *Contrast with U.S. v. Hagen*, 641 F.3d 268, 270–71 (8th Cir. 2011) (defendant developed sexual abuse gradually,

beginning by assaulting the minor while she was asleep and then later advancing to more invasive assaults and was in relationship with child's mother).

7.      Additionally, should the Court find the enhancement applies, application thereof is over representative of the seriousness of the offense and the likelihood to reoffend.

*+2 USSG § 2G1.3(b)(3) Use of computer to engage, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor*

8.      Defendant persists in his objection to application of a +2 enhancement for use of a computer to engage, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor pursuant to USSG § 2G1.3(b)(3)(B).

9.      USSG § 2G1.3(b)(3) applies when the "offense involved the use of a computer or an interactive computer service to…entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor."  Merely texting with minors, or responding to ads posted online by minors or others, does not constitute use of a "computer" in a manner which implicates the concerns of § 2G1.3(b)(3).  The behavior targeted by the enhancement is using a computer to stalk, lure, or entice minors to engage in sexual conduct.  It is not the simple use of a computer, which would include the basic technology now found in all cell phones and vehicles (thermostats, doorbells, cameras…), which itself makes some criminal activity more inherently evil or dangerous.  *See, e.g.*, *U.S. v. Kramer*, 631 F.3d 900 (8th Cir. 2011) (cellphone constitutes a computer and the enhancement applies); *cf. Packingham v. North Carolina*, 137 S.Ct. 1730, 1735 (2017) (finding statute prohibiting sex offender from accessing social media sites violated the First Amendment and, in doing so, discussing the importance of the internet in today's world).

10.     Other courts have acknowledged application of an enhancement for use of a computer makes very little sense in child pornography and, by extension, child sex trafficking cases. *See, e.g., U.S. v. Beiermann*, 599 F. Supp. 2d 1087, 1104–06 (N.D. Iowa 2009) (collecting

cases and authorities regarding a similar enhancement under USSG § 2G2.2).  The purpose of a sentencing enhancement is to reflect the seriousness of aggravated facts which make the act more dangerous or harmful than the "baseline" case established by a particular base offense level.  But, an "ordinary" sex trafficking case involves the use of computers, because that is how humans communicate with each other:  this enhancement "thus, blurs logical differences between least and worst offenders, contrary to the goal of producing a sentence no greater than necessary to provide just punishment." *Id.* at 1105.

11.    Here, the evidence at trial demonstrated MV exercised her own agency and decision-making authority.  A cell phone was utilized by MV because that is how the world works and how the baseline offense at issue here works.  Nothing about the use of a cell phone makes this offense worse than the baseline sex trafficking case, and application of the Guidelines as written swallows the case.  None of the evidence supports a finding Defendant used his cell phone in the predatory manner sought to be addressed by § 2G1.3(b)(3).

### C.  DEFENDANT'S CHARACTERISTICS AND "NEEDS" OF THE SENTENCE IMPOSED

27.    Defendant respectfully requests the Court vary downward and suggests lengthy incarceration is not necessary to promote respect for the law, to afford adequate deterrence, or to protect the public.  18 U.S.C. § 3553(a)(2)(A)–(C).  While Defendant acknowledges his first step will be at the BOP, rehabilitation is possible and should be a primary goal in determining an appropriate disposition.  18 U.S.C. § 3553(a)(2)(B)–(C).  Additionally, application of the Guidelines, as a whole, overstates the seriousness of Defendant's offense and results in an unreasonable sentence, warranting a variance.  A downward variance from the advisory USSG reflects a sentence sufficient, but not greater than necessary, to do justice in this case.

## D.  CONCLUSION

WHEREFORE Defendant respectfully requests he be sentenced in accordance with the foregoing.

Respectfully submitted,

*/s/ Eric D. Tindal*
Eric D. Tindal
Keegan, Tindal, and Jaeger
103 East College St. Suite 312
Iowa City, Iowa 52240
Telephone: (319) 887-6900/563-355-6060
Facsimile: (319) 688-2754/563-355-6666
Email: eric@keeganlegal.com

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

The undersigned certifies that the foregoing instrument was electronically filed on January 21, 2023, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

*/s/ Eric D. Tindal*